**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TARA MANI RAI,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-71888

Agency No. A098-822-383

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Tara Mani Rai, a native and citizen of Nepal, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

The agency found Rai did not establish changed circumstances to excuse his untimely-filed asylum application. We lack jurisdiction to review this finding because the underlying facts are disputed. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). Thus, we dismiss the petition for review as to Rai's asylum claim.

Substantial evidence supports the agency's determination that Rai was not credible based on inconsistencies between his declarations as to the year his father fled Nepal, whether Maoists targeted him based on his support for the Nepali Congress party, and an inconsistency between his testimony and documentary evidence as to the contents of a letter insurgents sent. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Thus, in the absence of credible testimony, in this case, Rai's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156

(9th Cir. 2003).

Finally, Rai's CAT claim fails because it is based on the same testimony the agency found not credible, and the evidence in the record does not otherwise compel the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Nepal. *See Farah*, 348 F.3d at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**